UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15-CR-314 (CEJ) |
| ROBERT O. DINKINS, | ) | |
| Defendant. | ) | |

### ORDER

Pursuant to 28 U.S.C. § 636(b), all pretrial matters in this case were referred to United States Magistrate Judge David D. Noce for determination and recommended disposition, where appropriate. On November 6, 2015, Judge Noce entered an Order and Recommendation with respect to the motions filed by defendant Robert O. Dinkins to suppress evidence and statements and to dismiss the indictment. Thereafter, the defendant timely filed objections to the magistrate judge's recommendation that his motions be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the court is required to make a de novo determination of the specified proposed findings and recommendations to which objection is made. Here, the court has reviewed the defendant's motions and has listened to the recording of the suppression hearing. For the following reasons, the court concludes that the factual findings made by Judge Noce are supported by the evidence and his legal conclusions are correct. Therefore, the defendant's objections are overruled.

**Motions to Suppress Evidence and Statements**

The testimony establishes that the defendant was riding a scooter when the police officers saw him violate a stop sign. It was at that point that the officers had probable cause to follow and detain the defendant. United States v. Barahona, 990 F.2d 412, 416 (8th Cir. 1993) (even a minor traffic violation can provide probable cause for a traffic stop). It is immaterial whether the officers reasonably suspected that the defendant was resisting arrest when he continued to drive after being signaled to pull over, as probable cause for the stop had already arisen.

The evidence further establishes that a gun fell from the defendant's person as the police were helping him up after his scooter crashed. The gun created reasonable suspicion of criminal activity which justified the officers' expanding their investigation of the defendant beyond the traffic violation. United States v. Linkous, 285 F.3d 716, 720 (8th Cir. 2002) ("An officer's suspicion of criminal activity may reasonably grow over the course of a traffic stop as the circumstances unfold and more suspicious facts are uncovered."). The police then had probable cause to arrest the defendant and to seize the gun, both without a warrant. United States v. Bustos-Torres, 396 F.3d 935, 944 (8th Cir. 2005) ("It is settled that an officer, without a warrant, may seize an object in plain view provided the officer is lawfully in the position from which he or she views the objet, the object's incriminating character is immediately apparent, and the officer has a lawful right to access the object."). The arrest of the defendant and the seizure of the gun did not violate the Fourth Amendment.

Finally, the evidence establishes that the defendant was advised of his rights to remain silent and to counsel before he was questioned by the police. Miranda v.

Arizona, 384 U.S. 436 (1966). The defendant acknowledged that he understood these rights, and no coercion of any kind was used to induce the defendant to make statements. The defendant's statements were made voluntarily and will not be suppressed.

**Motion to Dismiss Indictment**

The indictment charges the defendant with possessing a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The indictment tracks the language of § 922(g)(1). Thus, it is facially valid. See United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (indictment that tracks statutory language is sufficient). Further, the indictment contains factual allegations supporting the elements of the offense and is sufficient to inform the defendant of the charge and to enable him to defend against it or plead double jeopardy as a bar. Hamling v. United States, 418 U.S. 87, 117 (1974).

As the magistrate judge correctly concluded, the defendant's arguments do not support dismissal of the indictment. The reason for the defendant's possession of the gun, whether he was authorized by the State of Missouri to possess a firearm, his civic activities, and the manner in which the police conducted the investigation do not constitute grounds for dismissal.

*****

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge David D. Noce is sustained, adopted, and incorporated herein [Doc. # 34].

**IT IS FURTHER ORDERED** that the motions of defendant Robert O. Dinkins to suppress evidence and statements [Doc. ## 12 & 25] and to dismiss the indictment [Doc. # 30] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2015.